UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff,                     )
                                    )
    v.                              )    Civil Action No. 10-2078 (PLF)
                                    )
$2,550.00 IN UNITED STATES CURRENCY,)
seized on July 14, 2010, in Washington, D.C., )
from Damien Irby near 2921 Nelson Place, S.E., )
as police were about to serve a drug-related )
search warrant there,               )
                                    )
    Defendant *in rem*.             )
_____)

MEMORANDUM OPINION

       This matter is before the Court on the unopposed motion of plaintiff, the United States of America, for a default judgment and final order of forfeiture against the defendant property under 18 U.S.C. § 983(a)(4), Rule 55 of the Federal Rules of Civil Procedure, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The defendant property is $2,550.00 in United States currency, described as having been "seized on July 14, 2010, from Damien L. Irby as he was outside the building at 2921 Nelson Place, S.E., Washington, D.C., when [police] officers were preparing to serve a drug search warrant at Apartment Number Two at this address." Complaint ("Compl.") ¶ 2. Upon consideration of the government's verified complaint, its pending motion, the relevant legal authorities, and the entire record in this case, the Court will grant the government's motion for a default judgment and final order of forfeiture.

Officers from the District of Columbia's Metropolitan Police Department seized the defendant property from Damien Irby on Wednesday, July 14, 2010, while preparing to execute a drug-related search warrant in Apartment Number 2 at 2921 Nelson Place, S.E., Washington, D.C.  Upon a lawful search of the apartment, officers discovered a significant quantity of narcotics and drug paraphernalia commonly used for drug distribution.  Mr. Irby had in his possession the keys to Apartment Number 2, which he had been using as a site for the preparation and sale of crack cocaine.  See Compl. ¶¶ 9, 19.

On December 8, 2010, the government commenced this action by filing a verified complaint for forfeiture *in rem*.  The United States then published notice of the forfeiture action on the government's forfeiture website and sent notice by mail to Mr. Irby and his attorney.  See Affidavit in Support of Default at 2 n.2.  No claim to the defendant property has been filed.  On April 4, 2011, the plaintiff filed an Affidavit in Support of Default.  The Clerk of the Court entered a default on April 5, 2011.  The Court finds as fact the representations made by the plaintiff in its Affidavit in Support of Default.

The United States has moved for entry of a default judgment and final order of forfeiture to vest legal title to the defendant property and its ownership in the United States.  The Court concludes that the plaintiff is entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure and to a final order of forfeiture.  Based on the government's well pleaded allegations in the verified complaint for feiture *in rem*, the Court finds that the defendant property, $2,550.00 in United States currency, is money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments,

or securities used or intended to be used to facilitate a violation of 21 U.S.C. §§ 801 *et seq*. As such, the defendant property, $2,550.00 in United States currency, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a). The Court finds that the verified complaint for forfeiture *in rem* states a factual and legal basis for forfeiture. Further, no defense to the forfeiture having been interposed, and no opposition having been made to the motion for entry of a default judgment, the motion will be granted, and a final order of forfeiture will be issued. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: May 12, 2011